**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cv-01988-LDG-GWF |
|      Plaintiff, | |
| v. | **ORDER** |
| RONALD BRUCE MYERS, | |
|      Defendant. | |

STATEMENT OF FACTS

On January 13, 2013, a search and seizure warrant was executed for a motor home in Las Vegas, Nevada. The court that issued the warrant, as well as the law enforcement agency that executed the warrant, are disputed issues of fact. The warrant was issued based on evidence indicating that the defendant, Ronald Bruce Myers, had stolen the motor home from a Grand Rapids, Michigan, dealer in April, 2012. The motor home in question had, in fact, been stolen from Grand Rapids. When the motor home was seized, it contained various articles of personal property belonging to Myers. However, the warrant was for the seizure of the motor home itself; it did not make mention of Myers' personal property. The motor home is still located in Las Vegas, Nevada. Access to the motor home and its contents is now controlled by law enforcement, and Myers is not permitted access.

Myers is currently incarcerated in federal prison in Arizona, on charges unrelated to the seizure in question. Regarding the stolen motor home in question, no criminal charges have been filed against Myers. However, the government asserts that "[t]here is an on-going criminal investigation," and that "it is likely that Ronald Myers will face criminal charges." Myers is moving for the return of his personal property in the motor home, pursuant to Fed. R. Crim. P. 41(g).

DISCUSSION

## I.    STANDARD OF REVIEW

Federal Rule of Criminal Procedure 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." In short, Rule 41(g) empowers district courts to order the government to return illegally seized property. *U.S. v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010).

## II.    WHETHER THE REQUIREMENTS OF RULE 41 ARE PROPERLY INVOKED

"Rule 41 'governs the standards and procedures to be observed in conducting *federal* searches.'" *U.S. v. Piver*, 899 F.2d 881, 882 (9th Cir. 1990) (emphasis added) (quoting *U.S. v. Searp*, 586 F.2d 1117, 1121 (6th Cir. 1978)). Therefore, when evidence is seized "by *state* officers, under a *state* warrant, based upon violations of *state* law," such a seizure does not invoke the requirements of Rule 41(g). *U.S. v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981) (emphasis added). This is true even when the evidence obtained in a state seizure is used in a federal prosecution. *Id.* "In such cases the standard is whether the warrant comports with the requirements of the Fourth Amendment." *Id.* "If, however, the search is federal in character then the legality of the search should be analyzed in light of federal constitutional requirements and [the] provisions

2

of Rule 41." *Id.* Therefore, the question of which sovereign issued and executed the warrant is a factual issue necessary to decide whether the requirements of Rule 41(g) apply to the seizure in question.

Here, Myers claims that he is entitled to move for the return of his property pursuant to Rule 41(g) because federal law enforcement agents seized his property by executing a federally-issued warrant. Conversely, the government represents that the seizure of Myers' property was executed by the Las Vegas Metropolitan Police Department, pursuant to state court procedure. Rule 41(g) requires that the court "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the *movant* bears the burden of proving both that the seizure was illegal and that he or she is entitled to lawful possession of the property." *U.S. v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (emphasis added). Here, Myers bears the burden of proving that the seizure of his property invokes the requirements of Rule 41(g). Myers has not produced evidence that his property was seized during the execution of a federal warrant, nor has he produced evidence that any other characteristic of the seizure invokes the requirements of Rule 41(g).

### III.    RULE 41(g) ANALYSIS

Even if the requirements of Rule 41(g) were shown to be invoked during the seizure of Myers' property, Myers would not qualify for relief under the rule at this time because the government asserts the need to retain the property as evidence in its on-going criminal investigation of Myers. "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show 'that it has a legitimate reason to retain the property.'" *U.S. v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *U.S. v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987)). "A defendant's . . . motion for return of property, however, may be denied if . . . the government's need for the

property as evidence continues." *U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991). The government, in its response, declares that "[t]here is an on-going criminal investigation," and that "it is likely that Ronald Myers will face criminal charges." Therefore, the ruling in *Van Cauwenberghe* controls in this case and the Rule 41(g) motion would also be denied.

CONCLUSION

Accordingly,

THE COURT ORDERS that Defendant Myers' Motion for Return of Property (#2) is DENIED.

THE COURT FURTHER ORDERS that, because Myers' claims are meritless, his Application for Leave to Proceed in Forma Pauperis (#1) is DENIED as moot.

THE COURT FURTHER ORDERS that defendant Myers' Motion for Judgment on the Pleadings (#4) is also DENIED as moot.

Dated this \_\_\_ day of September, 2014.

_____
Lloyd D. George
United States District Judge